FILED
CLERK
12:05 pm, Jul 16, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CHARLES P. ANZELONE, CHRISTOPHER YOUNG,

                Plaintiff(s),

      -against-

ARS NATIONAL SERVICES, INC.,

                Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
2:17-cv-04815 (ADS)(ARL)

**APPEARANCES:**

**Barshay Sanders, PLLC**
*Attorneys for the Plaintiffs*
100 Garden City Plaza
Suite 500
Garden City, NY 11530
        By:    David M. Barshay, Esq.,
                Craig B. Sanders, Esq., Of Counsel

**Gordon & Rees LLP**
*Attorneys for the Defendant*
18 Columbia Turnpike
Suite 220
Florham Park, NJ 07932
        By:    Peter G. Siachos, Esq., Of Counsel

**SPATT, District Judge**:

       The Plaintiffs Charles P. Anzelone ("Anzelone") and Christopher Young ("Young") (collectively, the "Plaintiffs") commenced this action against the Defendant ARS National Services, Inc. (the "Defendant" or "ARS"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

       Presently before the Court is a motion by the Defendant to dismiss Anzelone's claims pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), and to sever

1

Young's claims. For the following reasons, the Defendant's motion to dismiss is denied, and the Defendant's motion to sever is granted.

## I. Background

### A. The Relevant Facts

Unless otherwise noted, the following facts are drawn from the amended complaint and are construed in favor of the Plaintiffs.

#### 1. Anzelone

Anzelone is a resident of Nassau County. He incurred consumer credit card debt that was originally held by Citibank. Apparently unable to make the required debt payments, his debt was either assigned or transferred to ARS, a California-based debt collection company.

The Defendant sent a letter to Anzelone on August 12, 2016 which informed him that ARS was looking to collect his outstanding debt to Citibank. The letter detailed the amount owed and informed him that unless Anzelone disputed the validity of the underlying debt within 30 days, the account would be deemed valid. The Letter stated that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verifications of the debt or obtains a copy of a judgment and mail you a copy of such judgment or verifications. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Pl.'s Ex. 1 to Am. Compl.).

In addition, ARS included an Account History with the Letter to show the total amount due to be collected as of the Charge-Off of the account.

| Account History | |
|---|---:|
| Total Amount Due as of Charge-Off: | $3,354.67 |
| Total Amount of Interest accrued since Charge-Off: | $0.00 |

> Total Amount of Non-Interest Charge or Fees Accrued Since Charge-Off: $0.00
> Total Amount of Payments Since Charge-Off                            $0.00

(*Id.*) Relevant here, the Plaintiff alleges that he "was always charged interest on any balance carried on the account." (Am. Compl. ¶ 88).

Such a letter constituted an initial notice to Anzelone pursuant to 15 U.S.C. § 1692g. The complaint does not state when Plaintiff Anzelone received the letter, and neither party submitted any evidence regarding the date of his receipt of the letter.

### 2. Young

Young is a resident of Suffolk County, New York. He incurred consumer credit card debt that was originally held by LendingCorp Corporation. Apparently unable to make the required debt payments, his debt was either assigned or transferred to ARS.

Young received a letter from ARS on June 13, 2017. The letter informed Young that LendingCorp Corporation had placed his account with ARS in order to assist him in bringing the account to balance. In addition, the letter included information that advised him that his "total loan balance and past due amount state above are subject to change, including possible increases due to interest and other charges according to the terms of his original loan agreement [with LendingCorp Corporation]." (Pl.'s Ex. 2 to Am. Compl.).

The Letter included an Account Identification section stating:

> Serviced by: LendingClub Corporation
> Current Creditor: ACL Consumer Loan Trust VI
> Original Creditor: WebBank
> Account No.: ****3242
> ARS Reference No.: ****4295
> Total Loan Balance: $5,976.35
> Past Due Amount: $334.16

(*Id.*)

Neither the complaint nor the parties' submissions detail when Young received the June

13, 2017 letter.

**B. The Relevant Procedural History**

On August 16, 2017, Anzelone commenced this action by filing a complaint.

On November 6, 2017, the Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

On November 13, 2017, as a matter of right, Young and Anzelone filed an amended complaint. The amended complaint alleges violations of 15 U.S.C. §§ 1692g, and 1692e.

On November 27, 2017, the Defendant filed its instant motion to dismiss Anzelone's claims, or in the alternative, to sever his claims from Young's claims.

## II. DISCUSSION

**A. As to the Defendant's Motion to Dismiss the Complaint**

**1. The Legal Standard**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

4

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

## 2. The FDCPA

In 1977, Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

To that end, 15 U.S.C. § 1692e ("Section 1692e") states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e then provides a list of sixteen non-exclusive examples that constitute violations of the above-prohibition, including as relevant here, "[t]he false representation of . . . the character, amount, or legal status of any debt . . . ," Section 1692e(2)(A); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," Section 1692e(10).

15 U.S.C. § 1692g ("Section 1692g") requires notices of debt to contain certain details. If those details are not included in the initial communication, they must be communicated within five

5

days of the initial communication. Among the details required by Section 1692g, the debt collector must send a written notice containing "the amount of the debt," *id.* at § 1692g(a)(1), and a statement that the debt will be assumed to be valid by the debt collector unless the consumer disputes the validity of the debt within thirty days of receipt of the communication, *id.* at § 1692g(a)(3). As discussed below, a debtor's dispute need not be in writing pursuant to Section 1692g(a)(3), but if a debtor does dispute the debt in writing, it triggers more rights under Section 1692g.

Reading these provisions together, to establish a violation of the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (quoting *Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 488 (S.D.N.Y. 2014)); *see also Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014) (same).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). The least sophisticated consumer standard is "an objective standard, designed to protect all consumers, 'the gullible as well as the shrewd.'" *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (quoting *Jacobson*, 516 F.3d at 90). According to the Second Circuit, "[t]he standard effectively serves its dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2)

protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320.

Further, "[t]o recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector." *Ellis*, 591 F.3d at 135. Rather, "[t]he FDCPA is a strict liability statute, . . . and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) (internal citations and quotation marks omitted).

### 3. Application to the Anzelone's Claims

#### a. As to Whether the Statute of Limitations Bars Anzelone's Claims

The Defendant argues that the Anzelone's fail to state a claim upon which relief can be granted because Anzelone's FDCPA claims are time-barred. According to the FDCPA, a claim must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Defendant argues that Anzelone has failed to proceed within the requisite statute of limitations as determined by 15 U.S.C. § 1692k. The letter is dated August 12, 2017. Anzelone filed his complaint on August 16, 2017.

Anzelone argues that the issue does not turn on when the letter was sent, but rather when he received it. Anzelone relies on a recent decision issued by this Court, *Gil v. Allied Interstate, LLC*, No. 2:17-cv-3362 (ADS)(AYS), 2017 WL 5135600 (E.D.N.Y. Nov. 3, 2017), where the Court held that "the one-year statute of limitations period for an FDCPA violation begins to run on the date that the consumer receives the debt collection letter" *id*. at *4; *see also Donchatz v. HSBC Bank USA, N.A.*, No. 14-CV-194-JTC, 2015 WL 860760, at *9 (W.D.N.Y. Feb. 27, 2015) ("The one-year period begins to run on 'the date when the consumer receives an allegedly unlawful

7

communication.'" (quoting *Somin v. Total Community Mgmt. Corp.,* 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007) (internal alteraions omitted))), *aff'd*, 648 F. App'x 158 (2d Cir. 2016); *Seabrook v. Onondaga Bureau of Med. Econ., Inc.*, 705 F. Supp. 81, 83 (N.D.N.Y. 1989) (noting that it was "more likely" that the statute of limitation would begin to run "on the date the debtor received the communication which supposedly violated the FDCPA").

Here, as in *Gil*,

> [t]he Plaintiff[] failed to include in [his] pleading the date [he] allegedly received the debt collection letter[] and the Defendant did not address the issue in its memoranda. Without such information, the Court cannot dismiss the complaint. Further, the Court cannot determine, as a matter of law, the date upon which the Plaintiff[] received the debt collection letters.

*Gil*, 2017 WL 5135600, at *4.

Therefore, as the Court cannot determine, as a matter of law, when Anzelone received the letter, the Court cannot dismiss the complaint based on the statute of limitations. Accordingly, the Court declines to rule that Anzelone's FDCPA claims are barred by the statute of limitations.

### b. As to Anzelone's Claims Based on the Letter's Alleged Failure to State Whether Interest Was Accruing

The Defendant argues that Anzelone's claims for violations of Sections 1692e and 1692g based on the letter's failure to state when and where interest was accruing must fail because the letter neither states nor implies that interest is accruing based on the facts alleged in the amended complaint. In contrast, Anzelone alleges that the accounts are accruing interest; that the Letter lacked the necessary clarity to establish whether the accounts were accruing interest; and that the Letter therefore has more than one reasonable interpretation. The Court finds that Anzelone has alleged sufficient facts to state claims under Sections 1692e and 1692g.

8

For FDCPA claims, the Court uses a least sophisticated consumer standard in analyzing the validity of a Plaintiff's claims. *See Jacobson*, 516 F.3d 85; *Clomon*, 988 F.2d 1314. As noted by the Defendant, "under this standard, a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate" but "but even the least sophisticated consumer can be resumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon*, 988 F.2d at 1318-19.

The Second Circuit has held that debt collectors are required to disclose to consumers that their balance may increase due to interest and fees. *See Avila v. Riexinger & Assocs.*, 817 F.3d 72, 76-77 (2d Cir. 2016). The *Avila* Court said that a "statement of an amount due, without notice that the amount is already increasing due to accursing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account." *Id*. at 76. Here, Defendant attempts to distinguish *Avila* from the case at hand because the Anzelone Letter is clear that interest is not accruing. The Court disagrees.

As the Second Circuit said in *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), "a statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, *what she will need to pay to resolve the debt at any given moment in the future*, and an explanation of any fees and interest that will cause the balance to increase." *Id.* at 216 (emphasis added). It is not clear what amount Anzelone would have had to pay if he chose to pay off the debt at some point in the future.

This Court recently rendered a decision on this very issue. In *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-00523 (ADS)(ARL), 2017 WL 5714722 (E.D.N.Y. Nov. 27, 2017), the Court held that the plaintiff plausibly stated claims for relief under Sections 1692e and 1692g sufficient to withstand a motion to dismiss where the letter did not state whether interest was

9

accruing or would accrue in the future, and the plaintiff alleged that interest was accruing. As in *Thomas*, the Court must accept the Plaintiff's allegations as true at this stage of the litigation. Second, while the Anzelone Letter states that interest and fees are zero at the time it was sent, it does not clearly state whether interest would accrue at a later date. Further, the letter identifies the current balance as the "Amount Due as of Charge-Off," which implies that interest may accrue in the future.

In the Court's view, the Defendant did not meet the minimum standard set out by *Avila*, because the letter does not state when, if ever, the amount owed by the Plaintiff would increase due to accrued interest. *See Avila*, 817 F.3d at 77 (holding that a letter is sufficient if the "notice either accurately informs the consumer that the amount of the debt states in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt is the payment is made by a specified date"). Based on the facts alleged in Plaintiff's complaint, this Court is hard pressed to believe that payment after the "Charge-Off Date" would not include some level of accrued interest. Therefore, Anzelone has alleged sufficient facts to plausibly state a claim for relief under § 1692g.

In the same way, the Letter is therefore "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319. Anzelone alleges that Citibank, the original holder of his debt, charged interest and late fees on his account, and any assignee of the debt had a right to charge interest and other fees. The Defendant's letter did not state whether interest was accruing, and what he would owe if he paid the debt off months after the letter was sent. As such, the least sophisticated consumer could interpret the Letter as stating that interest was accruing. Alternatively, a different consumer could interpret the Letter to state that the debt

was static. Therefore, the Letter is open to more than one reasonable interpretation, and Anzelone has alleged sufficient facts to plausibly state a claim for relief under § 1692e.

Therefore, Anzelone has alleged sufficient facts to plausibly plead claims for relief under Sections 1692e and 1692g based on the Anzelone's Letter's failure to adequately convey the debt owed. Accordingly, the Defendant's motion to dismiss those claims pursuant to Rule 12(b)(6) is denied.

**B. As to the Defendant's Motion to Sever Anzelone's Claims**

**1. The Relevant Law**

Rule 20(a) permits the joinder of multiple plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Both of these elements are required for a proper joinder of plaintiffs. *Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009); Moore's Federal Practice § 21.02[1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties.").

In addition to these two requirements, courts in this District consider the following additional factors on a motion to sever:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,* 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011) (quoting *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 214 F.R.D. 152, 154–55 (S.D.N.Y. 2003)).

11

"If a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action." *Deskovic,* 673 F. Supp. 2d at 159–60. *See* FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court.").

Although "[t]he requirements of FED. R. CIV. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding," *Viada v. Osaka Health Spa, Inc.,* 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal citation and quotation marks omitted), the requirements of the rule still must be met and constrain the Court's discretion.

### 2. Application to the Plaintiffs' Claims

While the letters to Anzelone and Young were both sent by ARS, they are not the same form letter. The letter sent to Anzelone states that no interest or fees had accrued since the charge-off date. Young's letter, in contrast, does not state whether any interest has accrued since the charge-off date. In fact, Young's letter does not reference interest at all. Anzelone's letter includes a "Total Amount Due as of Charge-Off," while Young's letter includes a "Total Loan Balance" and a "Past Due Amount." Therefore, the letters are substantially different, particularly with regard to the wording concerning whether interest was accruing.

As the two letters are substantially different, and necessarily raise different questions of law and fact, the Court finds that the Plaintiffs were improperly joined. Therefore, the Defendant would likely be prejudiced if it had to defend against both Plaintiffs' claims at a single trial. This

is because the subtle differences between the letters might confuse the jury, and lead to an unjust outcome.

The Plaintiffs rely on this Court's prior decision in *Mellon v. Monarch Recovery Mgmt., Inc.*, No. 17-CV-2695 (ADS)(ARL), 2017 WL 4776738 (E.D.N.Y. Oct. 17, 2017) in arguing that joinder is proper here. However, in *Mellon*, the Court noted that the letters sent to the three plaintiffs were exactly the same, except for the original holder of the debt. Here, as stated above, the letters are substantially different, particularly with regard to whether interest was accruing on the accounts, which is the focus of the Plaintiffs' claims.

This Court holds that when multiple plaintiffs have received the same form letter from a debt collection agency, those plaintiffs may be properly joined. However, when multiple plaintiffs receive different letters from the same debt collection agency, those plaintiffs may not be properly joined. As the latter is the case here, the Court therefore grants the Defendant's motion to sever Young's claim from the instant action. Accordingly, Young's claims are dismissed without prejudice with leave to refile as a separate action.

## III. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied, and its motion to sever Young's claims is granted. Accordingly, Young's claims are dismissed without prejudice with leave to refile as a separate action. The caption is amended to read as follows:

----------------------------------------------------------X
CHARLES P. ANZELONE,

        Plaintiff,

    -against-

ARS NATIONAL SERVICES, INC.,

        Defendant.
----------------------------------------------------------X

    It is **SO ORDERED:**

Dated: Central Islip, New York

    July 16, 2018

                             ___*/s/ Arthur D. Spatt*_____

                             ARTHUR D. SPATT

                             United States District Judge